IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRADERIVER, USA, INC.

   Plaintiff,

v.

XTREME AVIATION SERVICES, LLC     Civil No.: BPG-21-1416

   Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Currently pending before the court are defendant's Motion to Dismiss for Lack of Personal Jurisdiction ("defendant's Motion") (ECF No. 20), plaintiff's Opposition and Response to Defendant's Motion to Dismiss Amended Complaint ("plaintiff's Opposition") (ECF No. 23), and defendant's Reply Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction ("defendant's Reply") (ECF No. 29). The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, defendant's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 20) is denied.

**I.     BACKGROUND**

Plaintiff TradeRiver, USA, Inc. ("plaintiff"), a resident of Maryland, and defendant Xtreme Aviation Services, LLC ("defendant"), a resident of Florida, entered into a contract for the use of internet transaction facilities and financing. (Compl., ECF No. 1 ¶¶ 1-2, 7). Upon defendant's alleged default under the contract, the parties executed a promissory note ("the Note") on September 24, 2019 in the amount of $781,969.35 for defendant to make payments to plaintiff. (Id. at ¶ 8). On June 7, 2021, plaintiff filed its Complaint in this court on the basis of

diversity of citizenship pursuant to 28 U.S.C. § 1332.[1] (Id. at ¶ 3). The Complaint alleges that defendant defaulted on the remaining payments of the Note and has failed to cure its default despite notice from plaintiff. (Id. at ¶¶ 23-24). Plaintiff seeks damages in an amount greater than $75,000.00. (Id. at ¶ 3). Defendant moves to dismiss plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

## II.  STANDARD OF REVIEW

A challenge to personal jurisdiction under Rule 12(b)(2) "is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (quoting Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993)). "[W]hen, as here, the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). "In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Id.

"[F]or a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." Carefirst of Md., Inc., 334 F.3d at 396. "The

---

[1] The court notes that plaintiff's Complaint asserts that personal jurisdiction is proper over NAS, a company that is not a party to this suit. (ECF No. 1 at ¶ 5). Although the court assumes that plaintiff's reference to NAS was a typographical error, plaintiff is directed to correct the apparent error.

Maryland courts have consistently held that the state's long-arm statute [Md. Code Ann., Courts & Jud. Proc. § 6–103] is coextensive with the limits of personal jurisdiction set by the due process clause of the Constitution." Id. Thus, the statutory and constitutional inquiries merge. Id. at 396–97.

"A court's exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has 'minimum contacts' with the forum, such that to require the defendant to defend its interests in that state 'does not offend traditional notions of fair play and substantial justice.'" Id. at 397 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). A court may exercise two types of jurisdiction: "'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty., 137 S. Ct. 1773, 1780 (2017). Specific jurisdiction arises when there is "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." Id.; Carefirst of Md., Inc., 334 F.3d at 397. "If, however, the defendant's contacts with the state are not also the basis for the suit, then jurisdiction over the defendant must arise from the defendant's general, more persistent, but unrelated contacts with the state." Carefirst of Md., Inc., 334 F.3d at 397. "To establish general jurisdiction, the defendant's activities in the state must have been 'continuous and systematic.'" Id.; see Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–16 (1984).

### III. DISCUSSION

Defendant argues that this court does not have personal jurisdiction because defendant had insufficient minimum contacts with Maryland. (ECF No. 20-2 at 7-9). Specifically, defendant contends that the court lacks specific jurisdiction over defendant because defendant's

only contacts with the forum included a contractual requirement that payments be made in the forum, a Maryland choice-of-law provision contained in the Note, and one payment sent by defendant to Baltimore.[2] (ECF No. 20-2 at 7). Plaintiff argues that defendant consented to a forum in Baltimore City based on an alleged forum selection clause in the Note providing that "[a]ll acts contemplated by this Note shall be performable in Baltimore City, Maryland . . . ." (ECF No. 23 at 2-3). Specifically, plaintiff asserts that the act of collecting on the Note by filing this lawsuit constitutes an 'act contemplated by the Note.' (Id. at 4). In addition, plaintiff contends that defendant had sufficient minimum contacts with the forum because defendant "reached into the forum state to initiate business" and "made one payment to the Plaintiff in the state of Maryland." (Id. at 7).

Specific jurisdiction exists when a defendant avails himself of the privilege of conducting business in the forum state. Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009). A defendant does so when he has deliberately engaged in "significant activities within a State" or "has created continuing obligations between himself and residents of the forum" such that "he should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-76 (1985) (internal quotation marks omitted). This court considers the following factors to determine whether a defendant has purposefully availed himself of the forum state:

> (1) whether the defendant maintains offices or agents in the forum state; (2) whether the defendant owns property in the forum state; (3) whether the defendant reached into the forum state to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the forum state; (5) whether the parties contractually agreed that the law of the

---

[2] Defendant maintains that there is no factual basis for general jurisdiction over defendant because plaintiff's Complaint "refers only to the portions of Maryland's long-arm statute providing for specific jurisdiction." (ECF No. 20-2 at 5). Plaintiff does not dispute defendant's position regarding general jurisdiction. (ECF No. 23).

>   forum state would govern disputes; (6) whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship; (7) the nature, quality and extent of the parties' communications about the business being transacted; and (8) whether the performance of contractual duties was to occur within the forum.

Consulting Engineers Corp., 561 F.3d at 278 (citations omitted).  These factors, however, are "not susceptible of mechanical application."  Id.

In this case, the entire basis of the lawsuit arises out of the Note, and all obligations required by the Note were to occur in Maryland.  Specifically, paragraph 11 of the Note provided that "[a]ll acts contemplated by this Note shall be performable in Baltimore City, Maryland, and all sums payable under this Note shall be payable in the City of Baltimore, Maryland."  (ECF No. 1-1 at 3).  Defendant relies on Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners, 229 F.3d 448, 452 (4th Cir. 2001) and Mun. Mortg. & Equity v. Southfork Apartments Ltd. P'ship, 93 F. Supp. 2d 622, 626 (D. Md. 2000) for the proposition that minimum contacts are lacking when payments made to the forum state are the only factor supporting jurisdiction.  (ECF No. 20-2 at 7-8).  The cases cited by defendant, however, are inapposite.  In each of the cases cited by defendant where the court found insufficient minimum contacts, there was more than one forum where contractual obligations were to be performed.  See Diamond Healthcare, 229 F.3d at 452 (holding that the defendant had insufficient minimum contacts with Virginia when a contract required services to be performed in Ohio and monthly payments to be made to the plaintiff in Virginia); see also Southfork Apartments, 93 F. Supp. 2d at 628 (holding that the defendant had insufficient minimum contacts with Maryland when a transaction called for construction of a housing project in Minnesota and use of funds from a trustee located in Maryland in addition to interest payments to be made to a trustee in Maryland and New York). Here, all acts contemplated by the Note including all payments by defendant were to be

performed in Maryland only.  (ECF No. 1-1 at 3).  While defendant sent only a single payment to Baltimore, defendant had a continuing obligation under the Note to make additional payments to Baltimore.  Id.  Defendant's argument that the court lacks personal jurisdiction over defendant in part because defendant sent a single payment to Baltimore, therefore, is wholly unpersuasive since it was defendant which made the decision to only make one payment.  (ECF No. 20-2 at 7).

In addition, although the court declines to accept plaintiff's argument with respect to whether paragraph 11 of the Note is valid as a forum selection clause, the court notes that the original "Buyer's Agreement" between the parties contained an explicit forum selection clause providing that "the courts of Maryland shall have exclusive jurisdiction to settle any dispute or claim arising out of or in connection with this agreement . . . ."  (ECF No. 24 at 11).  Based on defendant's obligations in Maryland pursuant to the terms of the Note (ECF No. 1-1 at 3) and the explicit forum selection clause in the parties' original contract (ECF No. 24 at 11), the court concludes that defendant had sufficient minimum contacts with Maryland to satisfy the long-arm statute and due process.  Accordingly, the court has personal jurisdiction over defendant and defendant's Motion to Dismiss is denied.

### IV.   **CONCLUSION**

For the foregoing reasons, defendant's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 20) is DENIED.  A separate order will be issued.

December 16, 2021

/s/
Beth P. Gesner
Chief United States Magistrate Judge